UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In Re the Matter of Arbitration between

ALLSTATE INSURANCE COMPANY as
successor in interest to NORTHBROOK
EXCESS and SURPLUS INSURANCE and
SURPLUS INSURANCE COMPANY f/k/a
NORTHBROOK INSURANCE COMPANY



                   Petitioner,

         -and-                     06 Civ. 4419 (DAB)
                                        MEMORANDUM & ORDER

GLOBAL REINSURANCE CORPORATION
U.S. BRANCH f/k/a GERLING GLOBAL
REINSURANCE CORPORATION – U.S.
BRANCH,
                  Respondent.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    This case pertains to the arbitration of two disputes, each dispute regarding a different Facultative Certificate. The Facultative Certificates are about Respondent's agreement to reinsure the insurance policies that Petitioner issued to non-party Dresser Industries, Inc. (See Petition at Exs. H & I.) The Certificates contain identical arbitration clauses. (See id.)

    Now before this Court is Petitioner's Petition in Aid of Arbitration. Petitioner has asked the Court: (1) to appoint an umpire for arbitration, and (2) to compel an arbitration panel to determine whether the two disputes shall be consolidated. The parties have since resolved the umpire issue. See Resp.'s Letter dated Aug. 1, 2006 ("Global has determined to nominate three replacement candidates . . . ."). The issue of consolidation remains unresolved.

A "district court cannot consolidate arbitration proceedings arising from separate agreements to arbitrate, absent the parties' agreement to allow such consolidation." Government of United Kingdom of Great Britain v. Boeing Co., 998 F.2d 68, 74 (2d Cir. 1993), quoted in Hartford Accident & Indemnity Co. v. Swiss Reinsurance America Corp., 246 F.3d 219, 229 (2d Cir. 2001).

> Acknowledging the 'inefficiencies and possible inconsistent determinations that may result' absent consolidation, [the Second Circuit has] explained that such concerns, though valid, 'do not provide us with the authority to reform the private contracts' and that '[i]f contracting parties wish to have all disputes that arise from the same factual situation arbitrated in a single proceeding, they can simply provide for consolidated arbitration in the arbitration clauses to which they are a party.

Hartford Accident & Indemnity Co., 246 F.3d at 229, quoting Great Britain, 998 F.2d at 74. Neither Certificate in this case expressly provides for consolidation. Therefore, consolidation cannot be compelled by the Court.

But Petitioner is not asking the Court to compel consolidation. Rather, Petitioner wants to require an arbitration panel to determine whether the two disputes shall be consolidated. Other Circuits have decided this precise issue in Petitioner's favor. See, e.g., Employers Ins. Co. of Wausau v. Century Indemnity Co., 443 F.3d 573, 581 (7th Cir. 2006) (holding that the issue of consolidation is a procedural issue, and therefore a decision reserved for the arbitrator); Shaw's Supermarkets, Inc. v. United Food & Commercial Workers Union, 321 F.3d 251, 254-55 (1st Cir. 2003) (holding same).

Not to mention, submitting the question of consolidation to an arbitration panel comports with the strong federal policy favoring out-of-court resolution of arbitrable controversies. See, e.g., Brener v. Becker-Paribas, 628 F. Supp. 442, 445-46 (S.D.N.Y. 1985) ("The [Federal Arbitration] Act was designed to avoid the expense and delays involved in litigation . . . .").

Accordingly, the parties shall select one panel to arbitrate the dispute over Facultative Certificate No. 71-18044. The question of whether the parties are to consolidate that proceeding with the dispute over Facultative Certificate No. 71-19392 shall be decided by that panel. The panel also shall determine the procedures for arbitrating the consolidated or non-consolidated disputes, including whether the two disputes, if not consolidated, are to be arbitrated by one panel.

Finally, Respondent's Motion to File Under Seal pertains to an umpire who no longer is among Respondent's nominees. Accordingly, Respondent's Motion to File under Seal HEREBY is stricken as moot.

SO ORDERED.

DATED: New York, New York
August 8, 2006

Deborah A. Batts
United States District Judge